## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| PATRICIA WALKER,<br><br>      Plaintiff,<br><br>v.<br><br>VITAL RECOVERY SERVICES, INC., VITAL SOLUTIONS, INC., and CHRISTOPHER J. SHULER,<br><br>      Defendants. | CIVIL ACTION NO.<br>1:15-cv-2747-AT |

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff Patricia Walker ("Plaintiff" or "Walker") and Defendants Vital Recovery Services, Inc., Vital Solutions, Inc. and Christopher J. Shuler (collectively "Vital Recovery" or "Defendants") (collectively "the Parties"), jointly notify the Court that the Parties have resolved this action and all claims raised herein and hereby stipulate to the voluntary dismissal with prejudice of this action in its entirety pursuant to FED. R. CIV. P. 41(a). The Parties also jointly move the Court for entry of an Order approving the Parties' settlement and dismissal of the claims raised in this action under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA" or the "Act").

**I.     BACKGROUND**

This case involved claims for alleged unpaid overtime wages pursuant to the FLSA.  Plaintiff filed this action on February 19, 2013.  *See* Doc. 1, Civil Action No. 1:13-cv-00534-AT.  On May 16, 2013, Plaintiff filed her First Amended Complaint in which she alleged that Defendants violated the FLSA by failing to pay Plaintiff, and those similarly situated to her, "wages at a rate of 1.5 times their regular rate, for hours worked in excess of forty hours per week." (Doc. 15 at 15). Plaintiff alleged that she had been employed by Defendants as a debt collector, and along with other similarly situated employees, alleged three FLSA damages theories: (1) failure to include bonus payments in overtime calculation; (2) uncompensated off-the-clock work; and (3) falsification of plaintiff's time records. Defendants deny Plaintiff's allegations.  *See* Doc. No. 4.

The Parties engaged in discovery, which included written discovery as well as an exchange of relevant documents. On August 18, 2016, Magistrate Judge Walter E. Johnson conducted a mediation with the parties.  *See* Doc. 21.  With the assistance of Judge Johnson, the Parties reached an agreement to resolve the claims asserted in this case and seek the Court's approval.

## II.   LEGAL PRINCIPLES

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).

Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement.  *Id*.; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960,961 (5th Cir. 1947).  In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver

> of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

### III.   **<u>REASONABLE COMPROMISE</u>**

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against Defendants.  The proposed settlement arises out of an action brought by the Plaintiff against her former employer, which was adversarial in nature.  The settlement of this action was overseen by Magistrate Judge Johnson.

The Parties' settlement of these claims is the result of a bona fide compromise between them on a variety of disputes of law and fact.  The Parties stipulate that they are resolving the matter in order to avoid the cost and time of litigation, as well as the risks associated with proceeding to trial.  The Parties conducted discovery and undertook detailed legal and factual analyses of the claims and defenses.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues.  The Parties voluntarily agreed to the terms of their settlement during negotiations.  The Parties agree that, in their respective opinions, the settlement was fair and reasonable under the circumstances.  The

Parties themselves also attest to the fairness and reasonableness of their amicable settlement, and request that the Court approve the settlement and dismiss the action with prejudice.

Paragraph 3 of the settlement agreement sets forth the specific monetary consideration provided to Plaintiff to resolve her claims.  The Parties agree and stipulate that given the nature of Plaintiff's claims and the uncertainty that Plaintiff would recover anything at trial, the consideration paid to Plaintiff is reasonable and sufficient to provide reasonable compensation to Plaintiff.  The Parties further agree and hereby stipulate that, following dismissal of this action with prejudice, Plaintiff will receive all negotiated wages she claims are owed to her by Defendants.  Moreover, the Parties agree that Plaintiff is receiving her full claimed backpay and claimed liquidated damages.  In addition, Defendants agree to provide a neutral job reference for Plaintiff to any prospective employers.

The Parties intend this settlement to represent a final resolution of all claims actually raised in this action or that could have been raised by Plaintiff, and it is the Parties' intention to permanently terminate this action.  The Parties have further agreed that, other than the payments in the settlement agreement, each party is responsible for its and her own attorneys' fees and costs associated with this action.

Plaintiff requests that the Court maintain the settlement award as confidential and private. Defendants do not object to this request. Based upon Plaintiff's request, a copy of the settlement agreement is not being filed herewith. Should the Court wish to review a copy of the settlement agreement, the Parties will provide a copy to the Court in chambers. The Parties are available for a telephone conference with the Court at the Court's convenience, if needed.

## IV. CONCLUSION

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss the instant action with prejudice. A proposed Order is attached for the Court's convenience.

Respectfully submitted this 1st day of September, 2016.

| | |
|---|---|
| *s/ Patricia Walker (w/ permission)* | */s/ Beth A. Moeller* |
| Patricia Walker, *pro se* | Daniel E. Turner |
| 3738 Brookcrest Circle | Georgia Bar No. 719330 |
| | dturner@littler.com |
| Decatur, Georgia 30032 | Beth A. Moeller |
| | Georgia Bar No. 100158 |
| *Pro se* Plaintiff | bmoeller@littler.com |
| | LITTLER MENDELSON, P.C. |
| | 3344 Peachtree Road N.E., Suite 1500 |
| | Atlanta, GA  30326.4803 |
| | Telephone:  404.233.0330 |
| | Facsimile:  404.233.2361 |
| | |
| | Attorneys for Defendants |

6

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| PATRICIA WALKER, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION |
| VITAL RECOVERY SERVICES, INC., VITAL SOLUTIONS, INC., and CHRISTOPHER J. SHULER, | ) NO. 1:15-cv-2747-AT |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2016, I electronically filed **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE** with the Clerk of Court using the CM/ECF system and served a copy of the foregoing via e-mail and U.S. Mail on:

Patricia Walker
3738 Brookcrest Circle
Decatur, Georgia 30032

*s/ Beth A. Moeller*
Beth A. Moeller
Attorney for Defendants